UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WILFRED RAY and DEBORAH ANN RAY,<br><br>Defendants. | No. 2:19-cv-00063-KJM-EFB (PS)<br><br>ORDER |

On January 9, 2019, defendants James Wilfred Ray and Deborah Ann Ray (collectively "defendants"), proceeding pro se, removed this unlawful detainer action from El Dorado County Superior Court. ECF No. 1. As explained below, the court REMANDS the case back to the El Dorado Superior Court.

I.     SUBJECT MATTER JURISDICTION

    A.     Legal Standard

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

1

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

District courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

II. DISCUSSION

Defendants' Notice of Removal asserts that the court has federal question, diversity and supplemental jurisdiction over this matter. *See* ECF No. 1 at 1–2 (citing 28 U.S.C. §§ 1331, 1441(b), and 1367 as grounds for jurisdiction). But neither plaintiff's complaint, attached to defendants' removal documents, *see id.* at 4–6, nor defendants' Notice of Removal justify jurisdiction here. The complaint asserts only a claim for unlawful detainer, *id.*, which sounds clearly and exclusively in state law, *see PNC Bank Nat'l Ass'n v. Ahluwalia*, No. 15-cv-01264 WHA, 2015 WL 3866892, at *4 (N.D. Cal. June 22, 2015) ("Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction.") (collecting cases). And the Notice of Removal makes no attempt to satisfy the elements of

2

diversity of citizenship and amount in controversy required to establish diversity jurisdiction. *See generally* ECF No. 1; 28 U.S.C. § 1332. In fact, plaintiff's complaint expressly states the amount in controversy is less than the $75,000 threshold. ECF No. 1 at 4 ("Demand is less than $10,000."). Finally, remand is appropriate because the function of supplemental jurisdiction does not itself serve as an independent basis for federal court jurisdiction. *See* 28 U.S.C. § 1367 (supplemental jurisdiction applies where "district courts have *original* jurisdiction") (emphasis added). Because defendants have provided no basis for jurisdiction, the court must remand.

III. CONCLUSION

For the foregoing reasons, the court REMANDS this case to El Dorado Superior Court. The Clerk of Court is instructed to close this matter in its entirety.

IT IS SO ORDERED.

DATED: January 11, 2019.

_____
UNITED STATES DISTRICT JUDGE